UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILE BAIR,

    Plaintiff,

v.

ROSE TOWNSHIP,

    Defendant.

Case No.

Hon.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Emile Bair (hereinafter "Plaintiff"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1. Plaintiff, Emile Bair, is a resident of the Village of Holly, County of Oakland and State of Michigan.

2. Defendant, Rose Township, (hereinafter "Rose") is a governmental agency located in the Eastern District, Southern Division of Michigan.

3. The events producing the original injury occurred in Oakland County in the Eastern District, Southern Division of Michigan.

4. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendants constituting age discrimination, retaliation, hostile work environment and adverse employment action to the Plaintiff in violation of the Americans with Disabilities Act ("ADA") and

the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. ("ELCRA") which resulted in emotional and economic damages to Plaintiff.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, there is a federal question pursuant to the ADA and the ADEA and jurisdiction and venue are otherwise proper in the United States District Court, Eastern District of Michigan and Southern Division.

**GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, Emile Bair is a seventy-six (76) year old male who has been elected as Constable of Rose Township and been employed at Rose Township for approximately twenty-nine (29) years.

8. Prior to 2017 Plaintiff was diagnosed with Parkinson's disease.

9. Parkinson's disease is a disability under the ADA which substantially interferes with his ability to move and ambulate.

10. The only restroom at Defendant's place of business where Plaintiff worked was in the basement.

11. Plaintiff's disability prevented him from walking up and down the stairs and he was unable to use the elevator due to his disability and the manner in which the elevator operated.

12. Plaintiff complained to Defendant about the circumstances preventing him from using the restroom at work.

13. Numerous times Plaintiff asked that Defendant provide him a reasonable accommodation by repairing or replacing the elevator so that Plaintiff could operate the elevator. In addition, there were other reasonable accommodations Defendant could have provided

including relocating the restroom or install a restroom on other floors, or providing a ramp for Plaintiff to walk down to the restroom.

14. On numerous occasions' officials from Defendant, acknowledged and admitted it needed to do something to fix the elevator or allow Plaintiff some way to use the restroom.

15. Despite Plaintiff's multiple requests and Defendant's numerous admissions, nothing was done to accommodate Plaintiff.

16. As a result of Defendant's failure to provide reasonable accommodations, on several occasions he attempted to reach the restroom by walking around the building but due to the distance and condition of the walkway Plaintiff fell on at least two separate occasions, requiring assistance to be helped to his feet.

17. Unable to use the restroom at work Plaintiff was required to get in his car and drive home to use the bathroom.

18. In 2016 and 2017 Plaintiff became targets of verbal jabs regarding his disability and age including comments that "Emile can't walk," "Emile can't go up and down the stairs" and "Emile can't use the elevator."

19. It became apparent that Defendant was attempting to force Plaintiff out of his position.

20. In January, 2018 Plaintiff fell ill and entered a rehabilitation facility.

21. During Plaintiff's stay in the rehabilitation facility Rose Township Supervisor, Dianne Scheib-Snider began to put pressure on him to resign from his position.

22. On January 20, 2018 Plaintiff's wife sent Ms. Scheid-Snider email telling her in no uncertain terms that Plaintiff and her had discussed his resignation and decided against it, telling her:

> Emile and I have been discussing the retirement, and we would like to wait and see if he can get better, he is making wonderful progress at this time.

3

23. There was no communication between Plaintiff, his wife or Defendant regarding his resignation or retirement, yet on January 29, 2018, in the late evening while Plaintiff was under heavy sedation and mentally unable to make an informed decision, township Deputy Treasurer, Denise Hanley arrived at his room, knowing he would be alone and produced a letter of resignation prepared by Defendant and instructed Plaintiff to sign the letter of resignation.

24. Plaintiff who was half asleep, under heavy sedation and unable to make an informed decision signed the letter of resignation.

25. Upon information and belief the next day on January 31, 2018 Defendant, Rose Township tentatively accepted Plaintiff's fraudulently obtained letter of resignation and posted that it would be formally accepted at the next Township meeting.

26. On or about February 14, 2018 Plaintiff's wife appeared at the next township meeting and protested the letter telling the board Plaintiff had no intention of resigning when Defendant, Treasurer, Paul Gambka let Defendant's true intentions and feelings be known when stated indignantly "we've been carrying him for years."

27. Defendant tabled acceptance of the fraudulently obtained letter of resignation until the next Township meeting.

28. On or about March 14, 2018 at the next meeting, Defendant accepted Plaintiff's fraudulently obtained letter of resignation over the objections of Plaintiff's wife.

29. Almost immediately after forcing Plaintiff out of his job, Defendant assigned Plaintiff's job duties and responsibilities to a younger employee, Dave Plewes who was in his 50's.

30. Shortly after accepting Plaintiff's fraudulently obtained letter of resignation and assigning Plaintiff's job duties and responsibilities to a younger employee, Defendant, Rose Township voted to terminate Plaintiff's position of Township Constable.

31. During the time period in question, Rose Township was Plaintiff's employer and Plaintiff was their employee within the meaning of the ADA, the ADEA and the ELCRA.

Moreover, Defendant, Rose Township, is responsible for all acts committed by their agents, representatives and employees within the scope of their employment.

32. Defendant, through its agents, representatives and employees were predisposed to harass Plaintiff on the basis of his disability and age and acted in accordance with that predisposition.

33. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

34. On December 20, 2018 the EEOC issued Plaintiff a Right to Sue letter, granting Plaintiff the right to bring suit against Defendant for violations of the Americans with Disabilities Act and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

35. Plaintiff incorporates by reference paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. At all times relevant Plaintiff suffered from Parkinson Disease which substantially interfered with Plaintiff's major life activities and which Defendant regarded to substantially interfere with major life activities and be a disability under The Americans with Disabilities Act of 1990 ("ADA").

37. Defendant perceived and regarded Plaintiff as being a person with a disability because, among other things, Plaintiff suffered from Parkinson's Disease.

38. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

39. Pursuant to the ADA, Defendant was required to provide Plaintiff with reasonable accommodations including providing Plaintiff access to a restroom that he could use with his disability.

40. Defendant, refused to provide Plaintiff with reasonable accommodations despite being required to due so by the ADA.

41. Plaintiff's disability was a factor in Defendant's employment decisions, including, termination.

42. Defendant is an employer within the meaning of the ADA.

43. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his perceived or regarded disability, and request for an accommodation, by Defendant, its employees and agents to the point where his status as an employee was detrimentally affected and he was terminated by Defendant.

44. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

45. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disability; and

    b. Violating the laws against discrimination by terminating Plaintiff based exclusively upon his disability.

46. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

  d.  Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

  e.  Suspending and terminating Plaintiff based upon his disability.

47. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

48. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## AGE DISCRIMINATION

49. Plaintiff incorporates by reference paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 Plaintiff is guaranteed the right to be free from discrimination and/or termination from his employer and/or supervisors based upon his age.

51. Plaintiff's age was a factor in Defendants' employment decisions, including adverse employment actions and termination.

52. Defendant was Plaintiff's employer within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

53. During the course of his employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including adverse employment action based upon his age by Defendants creating a hostile work environment by Defendant and its employees.

54. The age discrimination, hostile work environment, retaliation and adverse employment actions by Defendant had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

55. Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

56. Despite having notice of the age discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead terminated Plaintiff based upon her age.

57. The age discrimination and conduct by Defendant Rose and Defendant, Rose's failure to take any remedial action violate the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

58. As a proximate result of the age discrimination and conduct by Defendant and Defendant failure to take remedial action against the age discrimination, retaliation and conduct, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant, in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: January 17, 2019

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Emile Bair, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: January 17, 2019